# AMENDED COMPLAINT
(for filers who are prisoners without lawyers)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

(Full name of plaintiff(s))

JASON LEE EDMONSON,

           Plaintiff,

v.

(Full name of defendant(s))
Rosen, Schroder, Jane Doe-OSCI R-Unit Social Worker, Vande Voort, Conner, Johnson, Zannon, Eplett, Muse, LaVoie, Rivers, Hove, Kemper, and Cooper, sued in their individual and official capacities;
           Defendants.

Case Number:

22-CV-113-JPS

(to be supplied by Clerk of Court)

The Court has jurisdiction over the plaintiff's claims of violation of federal const. rights under 42 U.S.C. §§ 1331(1) and 1343, and supplemental jurisdiction over his state law tort claims under 28 U.S.C. §1367.

A. PARTIES

    1. Plaintiff is a citizen of __Wisconsin__, and is located at
        (State)

    GBCI, P.O. Box 19033, Green Bay, WI, 54307
        (Address of prison or jail)

(If more than one plaintiff is filing, use another piece of paper.)

    2. Defendant __Rosen__
                                          (Name)
is (if a person or private corporation) a citizen of __Wisconsin__

Amended Complaint – 1

Case 2:22-cv-00113-WED    Filed 10/31/22    Page 1 of 9    Document 7

3. Defendant Schroder is a citizen of Wisconsin and worked for OSCI.

4. Defendant Jane Doe-OSCI R-Unit Social Worker is a citizen of Wisconsin and worked for OSCI.

5. Defendant Vande Voort is a citizen of Wisconsin and worked for OSCI.

6. Defendant Conner is a citizen of Wisconsin and worked for OSCI.

7. Defendant Johnson is a citizen of Wisconsin and worked for OSCI.

8. Defendant Zannon is a citizen of Wisconsin and worked for OSCI.

9. Defendant Eplett is a citizen of Wisconsin and worked for OSCI.

10. Defendant Muse is a citizen of Wisconsin and worked for State of Wisconsin Department of Corrections, P.O. Box 7925, Madison, WI 53704 ("DOC").

11. Defendant LaVoie is a citizen of Wisconsin and worked for the DOC.

12. Defendant Rivers is a citizen of Wisconsin and worked for the DOC.

13. Defendant Hove is a citizen of Wisconsin and worked for the DOC.

14. Defendant Kemper is a citizen of Wisconsin and worked for the DOC.

15. Defendant Cooper is a citizen of Wisconsin and worked for the DOC.

All defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

Amended Complaint - 1 (Continued)

(State, if known)

and (if a person) resides at _____

(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for <u>Oshkosh Correctional Institution, P.O. Box 3310, Oshkosh, WI 54903 ("OSCI")</u>.

(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B. STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

This is a civil rights action under 42 U.S.C. §1983.

1. Who violated my rights.

Defendants Rosen, Schroder, Jane Doe, Vande Voort, Conner, Johnson, Zannon, Eplett, Muse, LaVoie, Rivers, Hove, Kemper, and Cooper violated my rights by unduly exposing me to the infectious COVID-19 virus in violation of the Eighth Amendment of the United States Constitution. I also allege the tort of negligence.

As a result, I contracted COVID-19 for the first time.
Physical Injuries: The physical injuries I suffered include but are not limited to contracting the infectious COVID-19 virus, body ache, caugh, chest pain, fatigue, runny nose, loss of sleep, loss of taste and smell, and physical isolation with no movement.

Amended Complaint – 2

The long-term physical injuries I continue to suffer from include but are not limited to fatigue, loss of sleep, diminished taste and smell; elevated sugar and blood pressure levels, and overall shortened life span.

I reserve the right to claim the physical injuries of diminished heart and lung function.

I am now also at an increased risk of diabetes, and heart desease.

Mental Or Emotional Injuries: The long-term mental or emotional injuries I continue to suffer from include but are not limited to anxiety/panic attacks, changes in mood, diminished cognitive ability (thinking and concentration), memory problems, and depression.

2. What Each Defendant Did.

Defendants Rosen, Schroder, Jane Doe, Vande Voort, Conner, Johnson, Zannon, and Eplett each directly participated in the constitutional violation by having actual knowledge of the objective cruel condition of quarantined (Covid-negative) inmates showering with segregated (Covid-positive) inmates,

and failing to reasonably respond; indirectly participating in the constitutional violation by setting the series of events in motion; or failing to act.

The failure of Defendants Rosen, Schroder, Jane Doe, Vande Voort, Johnson, and Conner to remedy the known substantial risk of serious harm in me, while quarantined and Covid-negative, showering with segregated (Covid-positive) inmates, constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

Defendants Rosen, Schroder, Jane Doe, Vande Voort, Johnson, and Conner owed me a reasonable duty of care to protect me from being unduly exposed to the infectious COVID-19 disease, and breached that duty by failing to prevent me from showering with segregated (Covid-positive) inmates with the forseeable injury of me contracting the disease as a result, and proximately caused those damages, constituted the tort of negligence under Wisconsin law.

The failure of Defendants Rosen, Schroder, Jane Doe, Vande Voort, Johnson, and Conner to act on their knowledge of a substantial risk of serious harm in quarantined (Covid-negative) inmates showering with segregated (Covid-positive) inmates, constituted deliberate indifference to my and other inmates' serious health and safety needs, and contributed to and proximately caused the above-described violation of Eighth Amendment rights and negligence.

Defendants Muse, laVoie, Rivers, Hove, Kemper, and Cooper each indirectly participated in the constitutional violation by setting the series of events of quarantined (Covid-nega-

tive) inmates showering with segregated (Covid-positive) inmates in motion; or failed to act.

The failure of Defendants Muse, LaVoie, Rivers, Hove, Kemper, and Cooper to act on the known pattern of quarantined (Covid-negative) inmates showering with segregated (Covid-positive) inmates, constituted deliberate indifference to my and other inmates' serious health and safety needs, and contributed to and proximately caused the above-described violation of Eighth Amendment rights and negligence.

The failure of the DOC, and OSCI institutional policies, procedures, or practices to prevent quarantined (Covid-negative) inmates from showering with segregated (Covid-positive) inmates, constituted deliberate indifference to my and other inmates' serious health and safety needs, and contributed to and proximately caused the above-described violations of Eighth Amendment rights and negligence.

3. When They Did It.

The actions and/or failures of each defendant took place on or about December 1, 2020.

4. Where It Happened.

The constitutional violation of this complaint took place on R-Unit at OSCI.

5. Why They Did It.

On information and belief, each defendant violated my constitutional rights for the purpose of establishing herd immunity to the infectious COVID-19 disease amongst inmates, in the interest of the DOC, and OSCI.

Amended Complaint - 3 (Continued)

Case 2:22-cv-00113-WED   Filed 10/31/22   Page 6 of 9   Document 7

C.  JURISDICTION

☑ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $_____.

D.  RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

1. Issue declaratory statements stating that:

a) I shall not be retaliated against for bringing this action; b) my contracting Covid unduly, long and short-term physical side-effects, and receiving extended physical isolation with no movement as a result are physical injuries; § 1997e(e) c) each defendant placed the interests of the DOC and OSCI over the health and well being of inmates in their care by exposing known Covid-negative inmates to known Covid-positive inmates, or failing to act, seemingly for the purpose of establishing herd immunity at their institutions; d) known Covid-negative inmates showering with known Covid-positive inmates did not provide reasonable p-

rotection according to information provided by WI_DHS, the CDC, and the WHO at that time; and e) the financial costs, expenses, and loses of OSCI and each DOC institution shile operating during COVID-19 lockdowns including but not limited to programs, schooling, and replacing inmate workers are needed to determine which amount of punitive damages is appropriate to act as both punishment and deterrent for placing institutional interests over inmates' health and safty.

2. Issue injunctions ordering each defendant or their agents to: a) immediately act to prevent known Covid-negative inmates from showering with known Covid-positive inmates; and b) provide the financial costs, expenses, and losses of OSCI and each DOC institution for each month operating during COVID-19 lockdowns, and those same months from the nearest previous year operation during non COVID-19 lockdowns.

3. Award compensatory damages jointly and severally against each defendant for the physical, and mental or emotional injuries I suffer from as a result of the constitutional violation. By this demand, I seek damages for the physical injuries, psychological damage, and loss of wages which have effected my abilities to bring this action and other §1983 actions, run my company; and maintain my stellar institutional record, medium security status, job, institutional wuality of life, and overall quality of life; and continue to do so.

4. Award presumed damages in the event it is not possible to measure my injuries as a substitute for compensatory damages.

5. Award punitive damages against each defendant.

Amended Complaint - 4 (Continued)

6. Award costs for this action against each defendant jointly and severally.

7. Grant such other relief as it may appear I am entitled

E. JURY DEMAND

I want a jury to hear my case.

☐ – YES   ☑ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this 31st day of October 2022.

Respectfully Submitted,

_____
Signature of Plaintiff

#530994
Plaintiff's Prisoner ID Number

GBCI, P.O. Box 19033, Green Bay, WI 54307
_____
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)