# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JASON L. EDMONSON,**

    Plaintiff,

    v.                                             Case No. 22-CV-113

**JACKSON ROSENAU,** *et al.***,**

    Defendants.

## ORDER

On October 4, 2023, the court screened *pro se* plaintiff Jason L. Edmonson's amended complaint and allowed him to proceed on a claim for deliberate indifference to medical needs under the Eighth Amendment against Nurse Conner, Jackson Rosenau, Beverly Schroeder, Jennifer Vande Moort, and a Jane Doe defendant for directing Edmonson to shower with prisoners who tested positive for COVID-19. (ECF No. 10 at 8.) The court dismissed the remaining defendants because Edmonson did not plead sufficient facts to state a claim against them.

On October 31, 2023, Edmonson filed a second proposed amended complaint, unaccompanied by a motion. (ECF No. 11.) Upon the parties' consent, this action was reassigned to this court on December 5, 2023. (ECF No. 21.) The next day, Edmonson filed a motion for permission to file his October 31 amended complaint. (ECF No. 22.) Five days later, on December 11, 2023, Edmonson filed a motion to file an amended

complaint and attached a proposed amended complaint. (ECF Nos. 23, 23-1.) The court will deny as moot Edmonson's motion for permission to file his October 31 amended complaint and consider his December 11 motion to amend the complaint. *See Flanner v. Recording Indus. Ass'n of American,* 354 F.3d 632, 638 n. (7th Cir. 2004) (citations omitted).

Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.* at 182.

It would be futile to allow Edmonson to amend his complaint as proposed. The allegations against Conner, Rosenau, Schroeder, Vande Moort, and Jane Doe are substantially similar to the current operative amended complaint and do not add anything new that would warrant amending the complaint as to the Eighth Amendment claim Edmonson brings against them. Edmonson states that the amended complaint "cures the personal involvement deficiencies concerning the defendants dismissed from this civil action in the court's October 4, 2023, Order." (ECF No. 23 at 1.) However, the amended complaint does not overcome those deficiencies.

2

Case 2:22-cv-00113-WED   Filed 02/09/24   Page 2 of 4   Document 27

Regarding the defendants who forced prisoners to have cafeteria-style meals, Edmonson still does not allege that he suffered any harm caused by the defendants' alleged deliberate indifference, which is required to state a deliberate indifference claim. *Hunter v. Mueske*, 73 F.4th 561, 565 (7th Cir. 2023) (citing *Roe v. Elyea*, 631 F.3d 843, 864 (7th Cir. 2011)). Regarding the defendants who failed to properly supervise their employees, Edmonson does not allege that they actually *knew* about the risk to Edmonson's health and safety. *Hildebrant v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). As to the defendants who denied him psychological services from the mental health issues he suffered as a result of contracting COVID-19, Edmonson's allegations are too vague. While courts are to liberally construe *pro se* plaintiffs' complaints, they cannot "accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Twombly*, 550 U.S. at 570. Edmonson's motion to amend the complaint is denied.

Additionally, the Wisconsin Department of Justice did not accept service for Nurse Conner, stating that they were "unable to identify based on information provided from the Plaintiff at this time." (ECF No. 13 at 2.). Edmonson must file a letter providing more information about who Nurse Conner is (*e.g.,* a first name) in order to keep Nurse Conner in the case. Failure to file this letter by the deadline below will result in dismissal of Nurse Conner.

**IT IS THEREFORE ORDERED** that Edmonson's motion for permission to file the October 31, 2023, amended complaint (ECF No. 22) is **DENIED as moot.**

3

Case 2:22-cv-00113-WED    Filed 02/09/24    Page 3 of 4    Document 27

**IT IS FURTHER ORDERED** that Edmonson's motion to amend the complaint (ECF No. 23) is **DENIED**. The amended complaint filed on August 30, 2023 (ECF NO. 9) remains the operative complaint.

**IT IS FURTHER ORDERED** that Edmonson must provide additional identifying information for Nurse Connor by **March 7, 2024**. Failure to do so by this deadline will result in dismissal of Nurse Conner.

Dated in Milwaukee, Wisconsin this 9th day of February, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge