UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**JASON L. EDMONSON,**

                **Plaintiff,**

v.                                                 Case No. 22-CV-113

**JACKSON ROSENAU,** *et al.*,

                **Defendants.**

---

### DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

Plaintiff Jason L. Edmonson, who is incarcerated at Green Bay Correctional Institution and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Edmonson was allowed to proceed on a deliberate indifference claim under the Eighth Amendment for exposure to COVID-19. The defendants filed a motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 15) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 3, 20.) The motion is fully briefed and ready for a decision.

### SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts"

are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials

2

an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

Wisconsin's procedures for inmates exhausting administrative remedies are contained in Wis. Admin. Code Ch. DOC 310 (2018). "The purpose of this chapter is to afford inmates in institutions a process by which grievances may be expeditiously raised, investigated, and decided." Wis. Admin Code § DOC 310.01(1). The Inmate Complaint Review System (ICRS) is the main process an inmate must use to bring a grievance to the attention of the institution. Wis. Admin Code § DOC 310.04. Before filing a formal written inmate complaint, "an inmate shall attempt to resolve the issue by following the designated process specific to the subject of the complaint." Wis. Admin Code § DOC 301.07(1). An inmate must file a formal written inmate complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must clearly identify the issue the inmate seeks to complain about.

3

Wis. Admin. Code § DOC 310.07(5).

Once an inmate files a complaint, the institution complaint examiner may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i). An inmate may appeal a rejected complaint to the appropriate reviewing authority within 10 days. Wis. Admin. Code § DOC 310.10(10). A complaint may be returned within 10 days of receipt if it fails to meet filing requirements, Wis. Admin. Code § DOC 310.10(5). An inmate has 10 days to correct the deficiencies. Wis. Admin. Code § DOC 310.10(5).

Once the institution complaint examiner accepts the complaint, the institution complaint examiner makes a recommendation to the reviewing authority. Wis. Admin. Code § DOC 310.10(12). The reviewing authority has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)-(2). Within 14 days after the date of the reviewing authority's decision, an inmate may appeal the reviewing authority's decision to the Corrections Complaint Examiner (CCE). Wis. Admin. Code § DOC 310.12(1).

The corrections complaint examiner then has 45 days in which to make a recommendation to the Office of the Secretary of the DOC or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The corrections complaint examiner "may recommend rejection of an appeal not filed in accordance with § DOC 310.09." Wis. Admin. Code. § DOC 310.12(5). The Secretary then has 45 days in which to make a decision following receipt of the corrections complaint examiner's

4

recommendation. Wis. Admin. Code § DOC 310.13(1). If an inmate does not receive a decision from the Secretary within 90 days of receipt of the appeal in the corrections complaint examiner's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4).

*Edmonson's Claims*

Edmonson was allowed to proceed on an Eighth Amendment deliberate indifference claim for exposure to COVID-19 in December 2020. He asserts that he was forced to shower with prisoners who had tested positive for COVID. (ECF No. 10 at 3.)

*Edmonson's Attempts to Exhaust His Administrative Remedies*

It is undisputed that Edmonson filed three relevant inmate complaints regarding his exposure to COVID. On January 5, 2021, the institution complaint examiner received two inmate complaints—OSCI-2021-207 and OSC-2021-208. In those complaints Edmonson asserted he was exposed to COVID and forced to shower with COVID-positive prisoners. (ECF No. 17, ¶¶ 2-8.) On February 18, 2021, the institution complaint examiner recommended dismissal of OSCI-2 021-208 because the prisoners with whom he showered had been released from COVID isolation. (ECF No. 18-3 at 2-3.) On February 21, 2021, the institution complaint examiner recommended dismissal of OSCI-2021-207 for similar reasons. (ECF No. 18-2 at 2-3.) On February 22, 2021, the Warden, who was the reviewing authority, dismissed both inmate complaints based on the institution complaint examiner's recommendation. (ECF No. 17, ¶¶ 4, 8.)

5

The defendants assert that Edmonson did not appeal either of those decisions. (ECF No. 17, ¶¶ 5, 9.) Edmonson states he appealed both decisions on June 13, 2021, but that the corrections complaint examiner returned them because they did not contain the inmate complaint numbers. (ECF No. 26, ¶¶ 5-6.) Edmonson says he did not provide the complaint numbers because he was in segregation at the time and did not have access to that information. (*Id.*, ¶ 7.) He does not say whether he communicated this fact to the corrections complaint examiner. Nor does he explain why he waited several months to appeal decisions that were rendered in February 2021.

On May 20, 2021, the institution complaint examiner received inmate complaint OSCI-2021-7844, wherein Edmonson again complained about being exposed to COVID in December 2020. (ECF No. 17, ¶ 10.) The inmate complaint examiner rejected OSCI-2021-7844 because it was filed far later than the 14-day period allowed to grieve an incident. (*Id*, ¶ 11.) Edmonson appealed the rejection to the corrections complaint examiner on June 13, 2021. (ECF No. 26, ¶ 8.) On June 21, 2021, the corrections complaint examiner sent Edmonson a letter explaining it was returning his appeal for OSCI-2021-7844 because the corrections complaint examiner is not the appropriate reviewing authority for a rejected complaint—the Warden is. (ECF No. 18-5.) When he received that letter, which also explained why his appeal of the other two inmate complaints were rejected, Edmonson states that he did not know what to do next to properly appeal all three inmate complaints. (ECF No. 26, ¶ 15.)

6

*Analysis*

Edmonson does not dispute that he failed to properly appeal the decisions relating to the relevant inmate complaints. However, he asserts that the grievance process was unavailable to him because he did not know how to properly appeal.

The Seventh Circuit Court of Appeals "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only when he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018). A prisoner can show that a grievance process was unavailable when "(1) prison officials are 'consistently unwilling to provide any relief to aggrieved inmates'; (2) the administrative scheme is 'so opaque that it becomes, practically speaking, incapable of use;' or (3) prison administrators take affirmative action to thwart use of the grievance process," but these are "only examples, not a closed list." *Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016)).

For the two inmate complaints that were dismissed in February 2021, Edmonson does not explain why he waited until June to appeal the dismissals. The DOC regulations clearly state that a prisoner must appeal a dismissal within 14 calendar days of the prisoner receiving notice of the dismissal. Edmonson seems to

7

imply he could not properly appeal because he was in segregation and did not have the relevant information. If that was the case, he was still obliged to file the grievance "as soon as it was reasonably possible for him to do so." *Hurst v. Hanke*, 643 F.3d 409, 412 (7th Cir. 2011). And if due to his being in segregation he had to wait until June to appeal the dismissal of his two February inmate complaints, to properly exhaust his administrative remedies he needed to explain to the institution why his appeal was untimely. *Jones v. Nelson*, Case No. 15-cv-831-bbc, 2018 WL 1953907 at *2 (W.D. Wis., Apr. 25, 2018) (quoting *State ex rel. Laurich v. Litscher*, 2004 WI App 150, ¶ 15, 275 Wis. 2d 769, 778, 686 N.W. 2d 668, 672). The DOC regulations give the corrections complaint examiner discretion to accept a late appeal if the prisoner shows good cause. Wis. Admin. § DOC 310.12(6). By failing to take advantage of this "good cause exception," Edmonson did not exhaust his administrative remedies as to the two February inmate complaints. *Cannon v. Washington*, 418 F.3d 714, 718-19 (7th Cir. 2005).

Regarding the inmate complaint rejected in May 2021 for being untimely, Edmonson again appears to have not explained why he waited several months to file the inmate complaint. As such, it was properly rejected by the institution complaint examiner as untimely. Edmonson also did not properly appeal the rejection. Instead of appealing to the proper reviewing authority as directed by the DOC regulations, he appealed directly to the corrections complaint examiner. Although Edmonson argues that it was unclear how to properly appeal, "[t]he PLRA does not excuse a failure to exhaust based on a prisoner's ignorance of administrative remedies, so long

8

as the prison has taken reasonable steps to inform the inmates about the required procedures." *Ramirez,* 905 F.3d at 538. Edmonson's own response materials show that he was aware of the applicable DOC regulations, which clearly state the required steps.

Edmonson did not properly appeal the decisions regarding his complaints as required by the procedures set out in the DOC regulations. As such, he failed to exhaust his administrative remedies. Summary judgment is granted in favor of the defendants.

## CONCLUSION

For the reasons stated above, Edmonson failed to demonstrate that he exhausted his administrative remedies for his claims. Therefore, his case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely

9

requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 30th day of May, 2024.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge